In the Matter of the Claim of MIKE MAZOREK, Respondent, against ROCHESTER SMELTING & REFINING Co. and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Appeal by employer and its insurance carrier from an award made by the State Industrial Board in favor of claimant. On April 18, 1930, claimant became disabled as a result

of lead poisoning. An award was made in his favor covering this disability which was paid by the carrier-appellant. Thereafter and while working for the same employer claimant sustained an additional disability commencing on December 14, 1931, and continuing to April 1, 1933, for which period the award appealed from was made. It is no't disputed that the original exposure caused lead poisoning. At the time of such exposure the employer was insured by the carrier-appellant. That carrier, however, was not on the risk after June 20, 1930. The Exchange Mutual Insurance Company covered the employer from June 27, 1930, to January 21, 1931. From the latter date the employer was insured by the Massachusetts Bonding Company until November 21, 1931. The United States Fidelity and Guaranty Company insured the employer from November 20, 1931, and was the insurance carrier at the time claimant became disabled in 1931. The sole question on this appeal is whether the carrier-appellant is liable for this award. The carrier contends that it is not liable since it did not insure the employer at the time of the recurrence. The medical evidence establishes that claimant's condition was due to the absorption of lead over a period of years. The medical evidence also sustains the finding of the Board that there is causal relation between claimant's first exposure in 1930 and the recurrence of the disability in December, 1931. The State Industrial Board has found that there is a connection between the exposure at the time carrier-appellant was on the risk and the disability for which this award was made. The award on appeal charges the carrier, however, with but fifty per cent of the disability. The Board originally divided the liability between the carrier-appellant and the United States Fidelity and Guaranty Company. Later it rescinded that decision and vacated the award against the United States Fidelity and Guaranty Company on the ground that written notice of the recurrence of the disability was not given to the employer or the insurance carrier and that they were prejudiced by reason of the failure to give such notice. Claimant has filed a separate brief in which he contends that the award should also be made against the United States Fidelity and Guaranty Company. Claimant did not appeal from the determination of the State Industrial Board and hence his contention is not before us. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.